## Marshall v. Marshall

*Paul J. Esposito*, for plaintiff.
*Judith A. Calkin*, for defendant.

NATALE, *J.*, July 14, 1986 — The matter presently before the court en banc is defendant/petitioner's motion to vacate the divorce decree nunc pro tunc. For the reasons set forth below, defendant/petitioner's motion is hereby denied.

On May 17, 1983, plaintiff/respondent filed a complaint in divorce and affidavit under section 201(d) of the Pennsylvania Divorce Code, 23 P.S. §201(d). The complaint and affidavit were served on defendant/petitioner on May 19, 1983, with the

affidavit of service filed. on June 1, 1983. Plaintiff/respondent filed a motion for final decree in divorce on June 9, 1983. On June 10, 1983, 22 days after service of the complaint and affidavit, the Honorable William W. Lipsitt issued a final decree in divorce. Also on June 10, 1983, defendant/petitioner, through prior counsel, filed preliminary objections in the form of nonconformity to law. The thrust of these objections was that the parties had not lived separate and apart for three years.

No further proceedings occurred until November 25, 1985, when defendant/petitioner filed the instant motion to vacate the divorce decree nunc pro tunc, three years after the signing of the decree. An answer in opposition to the motion was duly filed by plaintiff/respondent on December 16, 1985. Argument before the court en banc was held on May 28, 1986.

## THE ISSUES

As outlined in the briefs of both parties and as argued before this court, this case presents two issues. They are:

1. Is there a fatal defect on the record that would warrant the divorce decree to be vacated pursuant to section 602 of the Divorce Code, 23 P.S. §602?

2. Is the failure of defendant/petitioner's attorney to promptly and properly file her objections to a section 201(d) divorce extrinsic fraud that would warrant the divorce decree to be vacated pursuant to section 602 of the Divorce Code, 23 P.S. §602?

## DISCUSSION

Section 602 of the Divorce Code, 23 P.S. §602, provides in pertinent part that,

". . . A motion to vacate a decree or strike a judg-

ment alleged to be void *because of extrinsic fraud,* lack of jurisdiction over the subject matter, or *because of a fatal defect apparent upon the face of the record,* must be made within five years after entry of the final decree. Intrinsic fraud is such as relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case." (Emphasis added.)

Defendant/petitioner argues that a fatal defect does appear on the face of the record by virtue of the fact that her preliminary objections appear as a docket entry some *hours* previous to the filing of the final decree in divorce. She maintains there is no time limit to the filing of a pleading in answer to a divorce complaint except that it precede the filing of a final decree. Thus, the filing of her preliminary objections 22 days after the service of the divorce complaint was timely. As it preceded the final decree on the docket, the filing constitutes a fatal defect so as to require the vacating, three years later, of the decree. This court cannot agree with this reasoning.

The Pennsylvania Rules of Civil Procedure governing divorce proceedings, specifically Rule 1920.1(b), provides that:

". . . except as otherwise provided in this Chapter, the procedure in the action shall be in accordance with the rules relating to a civil action." Pa. R.C.P. 1920.1(b), 42 Pa.C.S. §1920.1(b).

There appears in the divorce chapter no exception* to the requirement of Pa.R.C.P. 1026(a) which

---

*At present, the notice to defendant required by Pa.R.C.P. 1920.72(b) to be attached to plaintiff's affidavit under section 201(d) of the Divorce Code, informs a defendant that if he/she

states in pertinent part, ". . . every pleading subsequent to the complaint shall be filed within 20 days after service of the preceding pleading . . ."

Defendant/petitioner's filing of her preliminary objections 22 days after service of the complaint was thus untimely. No request was made for an extension of time in which to file an answer to plaintiff/respondent's complaint. Thus, there is no fatal defect upon the record to justify vacating the final decree in divorce.

Defendant/petitioner next argues that the failure of prior counsel to timely file her preliminary objections constitutes extrinsic fraud such as would warrant vacating the final decree. This court does not agree.

Extrinsic fraud has been defined as, ". . . some act or conduct of the prevailing party which has prevented a fair submission of the controversy. Among these are the keeping of the defeated party away from court by false promise of compromise, . . . (or) where an attorney has been regularly employed and *corruptly sells out his client's interest*." McEvoy v. Quaker City Cab Co., 267 Pa. 527, 536, 110 A. 366, 368 (1920), quoted with approval in Fenstermaker v. Fenstermaker, 348 Pa. Super. 237, 502 A.2d 185, 188 (1985).

In this case there have been no allegations nor could any be reasonably made that plaintiff/respondent has done any fraudulent act or that

---

wishes to deny any statements set forth in the affidavit, then he/she must file a counteraffidavit within 20 days after the affidavit has been served. This subdivision was not added until order of court dated January 28, 1983, effective July 1, 1983, and thus, subsequent to this action. Even had the provision been in effect, it would not have provided an *exception* to Pa.R.C.P. 1026(a).

defendant/petitioner's attorney had corruptly sold out her interest. Whatever the reason for prior counsel's failure to timely file defendant/petitioner's preliminary objections, fraudulent or corrupt motive has not been alleged or suggested.

This court is mindful of the fact that it has broad, equitable power by virtue of section 401(c) of the Divorce Code, 23 P.S. §401(c). However, in judging the equities of this case, the court must consider the position of plaintiff/respondent, who for three years has believed himself to be legally divorced, and adjusted his life accordingly. Clearly plaintiff/ respondent and his counsel acted in perfect procedural accordance with the law. To now vacate the divorce decree would produce prejudical hardship upon an innocent party.

Defendant/petitioner, though unquestionably harmed by the entry of an unwanted divorce, waited three years before doing anything to protest it. The court notes that a section 201(d) divorce would obviously be available to plaintiff/respondent now, whether or not defendant/petitioner's preliminary objections would have prevailed three years ago. Further, the court is not satisfied that other procedural avenues are closed to the recovery of defendant/petitioner's economic harm, if any exists.

For the foregoing reasons, defendant/petitioner's motion to vacate the divorce decree nunc pro tunc is denied.

## ORDER

And now, this July 14, 1986, upon consideration of defendant/petitioner's motion to vacate the divorce decree nunc pro tunc, said motion is hereby denied.